[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court concerning issues of custody and visitation. By summons and complaint dated June 5, 2000 the plaintiff, Jeremy Wiseman, commenced this action seeking an adjudication of paternity, joint custody and parenting time and joint custody and parenting time, pendente lite. The defendant, Buffee Nelson, is the mother of Sophia Marie Nelson, born March 13, 2000. The parties were never married and Sophia is the result of a personal relationship of a very limited duration.
On July 12, 2000, this court entered, following a hearing, an order granting the plaintiff limited access to the child at the defendant's home. On July 26, 2000, the court (Devine, J.) entered as orders of the court an agreement reached between the parties which expanded the plaintiffs visitation. On September 28, 2000, following an extensive hearing, this court entered numerous orders concerning support and visitation. Support issues were again addressed by this court on November 27, 2000 and orders entered pursuant to the agreement of the parties. Further, this court referred the matter to the Family Relations Division for the mediation of visitation and if necessary, a full custody evaluation. In addition, a guardian ad litem was appointed for the minor child. On February 28, 2001 the court, (Prestley, J.) entered orders for visitation.
On November 19th and 20th 2001 this court held extensive hearings on all issues concerning custody and visitation. The court heard the testimony of Margaret Romanik, Family Relations Officer, the plaintiff, Sandra Wiseman, the plaintiffs mother and father, the defendant, the defendant's mother and Attorney Rhonda Morra, the child's Guardian ad Litem. Proposed orders were submitted by the plaintiff, defendant, Family Relations Officer and the Guardian ad Litem.
The court, having reviewed the testimony and the proposed orders makes the following findings of fact. The initial relationship between the parties was somewhat casual and of short duration. The plaintiff was CT Page 3892 living in New York and the defendant in Connecticut. Since Sophia was born the plaintiff has moved to Connecticut. Initially, both parties lacked parenting skills and were unable to communicate as to the best interest of their child. Very reluctantly, by agreement and court order, the defendant has allowed the plaintiff ever greater amounts of visitation. There is hostility between the plaintiff and the defendant's mother. Both parties have grown a lot in their parenting skills each are good parents. The court enters the following orders as in the best interest of the child.
1. CUSTODY
The parties shall share joint custody of the minor child, Sophia Nelson. The child's primary residence shall be with mother.
2. PARENTING TIME
Father shall have reasonable and liberal parenting time in accordance with the following incremental expansions:
 a. Commencing immediately: Mondays, Wednesdays and Fridays from 5:00 p. m. until 8:00 p. m. Alternating weekends from Saturday at 9:00 a.m. until Saturday at 8:00 p. m. and Sundays from 12:00 noon until 8:00 p. m.
 b. Commencing 5/5/02: Mondays, Wednesdays and Fridays from 5:00 p. m. until 8:00 p. m. Alternating weekends from Saturday at 9:00 a.m. until Sunday at 8:00 p. m.
 c. Commencing 7/1/02 and continuing thereafter: Mondays, Wednesdays and Fridays from 5:00 p. m. until 8:00 p. m. Alternating weekends from Friday at 5:00 p. m. until Sunday at 8:00 p. m.
3. HOLIDAYS and BIRTHDAY
a. Christmas Eve/Christmas Day:
Christmas Eve at 5:00 p. m. until Christmas Day at 11:00 a.m. Sophia shall be with the father in 2002 and all even numbered years thereafter. Christmas Eve at 5:00 p. m. until Christmas Day at 11:00 a.m. Sophia shall CT Page 3893 be with the mother in 2003 and all odd numbered years thereafter.
Christmas Day from 11:00 a.m. until 9:00 p. m. Sophia shall be with the mother in 2002 and even numbered years thereafter. Christmas Day from 11:00 a.m. until 9:00 p. m. Sophia shall be with the father in 2003 and odd years thereafter.
b. Thanksgiving/Easter:
The parents shall divide these holidays by each of them spending part of the day with Sophia.
Sophia shall be with the mother from 8:00 a.m. until 2:00 p. m. on Easter in 2002 and all even years thereafter. Sophia shall be with the father from 2:00 p. m. until 8:00 p. m. on Easter in 2002 and all even years thereafter. Sophia shall be with the father from 8:00 a.m. until 2:00 p. m. on Easter in 2003 and all odd years thereafter. Sophia shall be with the mother from 2:00 p. m. until 8:00 p. m. on Easter in 2003 and all odd years thereafter.
Sophia shall be with the father from 8:00 a.m. until 2:00 p. m. on Thanksgiving in 2002 and all even years thereafter. Sophia shall be with the mother from 2:00 p. m. until 8:00 p. m. on Thanksgiving in 2002 and all even years thereafter. Sophia shall be with the mother from 8:00 a.m. until 2:00 p. m. on Thanksgiving in 2003 and all odd years thereafter. Sophia shall be with the father from 2:00 p. m. until 8:00 p. m. on Thanksgiving in 2003 and all odd years thereafter.
c. Labor Day and Memorial Day weekends:
These weekends shall be defined as 5:00 p. m. on Friday until 8:00 p. m. on Monday.
Sophia shall be with the father for Labor Day weekend in 2002 and all even years thereafter. Sophia shall be with the mother for Labor Day weekend in 2003 and all odd years thereafter.
Sophia shall be with the father for Memorial Day weekend in 2003 and all odd years thereafter. Sophia shall be with the mother for Memorial Day weekend in 2002 and all even years thereafter.
d. Sophia shall be with the mother on Mother's Day from 8:00 a.m. until 8:00 p. m. each year. Sophia shall be with the father on Father's Day from 8:00 a.m. until 8:00 p. m. each year.
e. Sophia shall be with the father from 3:00 p. m. until 8:00 p. m. on CT Page 3894 her birthday each year.
f. The parties shall alternate the July 4th holiday. The holiday shall be from July 3rd at 5:00 p. m. until July 5th at 8:00 p. m. Sophia shall be with the father for the July 4th holiday in 2002 and all even numbered years thereafter, and with the mother in 2003 and odd numbered years thereafter.
4. VACATIONS
2002:
Each parent shall have two extended weekends from Thursday at 5:00 p. m. until Monday at 5:00 p. m. on two separate occasions in the year 2002. The parents should notify one another, in writing, of these extended weekends at least 30 days prior to the weekend. Each parent shall exercise on weekend in the Fall/Winter and the other weekend in the Spring/Summer. These extended weekends shall not be used during the other parent's holiday or weekend parenting time schedule. In the event that there is a conflict in the weeks selected, father's choice shall control for this year only.
2003:
Each parent shall have one week of vacation time with Sophia. The parents shall give each other written notice of the selected vacation week at least 60 days prior to the week selected. If there is a conflict in the weeks selected, father's choice shall control in odd years, and mother's choice shall control in even years.
2004 and thereafter:
Each parent shall have two non-consecutive weeks of vacation time with Sophia. The parents shall give each other written notice of the selected vacation weeks at least 60 days prior to the weeks selected. If there is a conflict in the weeks selected, father's choice shall control in odd years, and mother's choice shall control in even years.
5. MISCELLANEOUS
a. At an age appropriate time, father shall have reasonable telephone contact with the child. Such contact shall occur at either the mother's home or the maternal grandmother's home if the child is in the maternal grandmother's care.
b. The parents shall continue counseling efforts regarding conflict and CT Page 3895 communication issues. The parties shall work with Dr. Heather Smith or an agreed upon substitute provider for these services. The provider shall be covered by both parties' available insurance. Suggested alternative providers are Dr. Wendy Hablow or Dr. Jeffrey Zimmerman.
___________________ John R. Caruso, J.